IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CV-203-FL

| | |
|---|---|
| ANTHONY MACON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes now before the court on the parties' cross-motions for judgment on the pleadings. (DE ## 14, 20) On November 17, 2008, United States Magistrate Judge William A. Webb issued memorandum and recommendation ("M&R") wherein it was recommended that this court grant in part and deny in part plaintiff's motion and grant in part and deny in part defendant's motion. Defendant filed objections to which plaintiff responded. Plaintiff also filed objections, to which defendant did not respond. In this posture, the issues raised are ripe for decision.

## STATEMENT OF THE CASE

Plaintiff filed application for Disability Insurance Benefits on July 1, 2004, alleging disability beginning June 10, 2002. Plaintiff's claim was denied initially and upon reconsideration. On March 21, 2006, plaintiff appeared and testified before an Administrative Law Judge ("ALJ"). On August 22, 2006, the ALJ issued decision denying plaintiff's claims, and the Appeals Council denied plaintiff's request for review on October 27, 2007, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

On December 21, 2007, plaintiff filed complaint in this court seeking review of that decision. In his motion for judgment on the pleadings, plaintiff contends that the ALJ's decision should be reversed on the grounds that the ALJ erred by: (1) failing to accord appropriate weight to the opinions of a treating physician and a consulting examiner; (2) improperly assessing plaintiff's credibility; (3) improperly assessing plaintiff's obesity; (4) failing to assess plaintiff's deep vein thrombosis correctly; (5) finding a residual functional capacity ("RFC") that was not supported by substantial evidence; and (6) not seeking the testimony of a vocational expert.

In M&R entered November 17, 2008, the magistrate judge granted in part and denied in part each party's motion, recommending that this court uphold the Commissioner's determination that plaintiff is able to perform the full range of light unskilled work not involving concentrated exposure to extreme vibration as supported by substantial evidence, but to remand the matter so that a vocational expert may be employed to determine whether plaintiff retains the ability to perform specific jobs which exist in the national economy. Both parties filed objection to the M&R. For the reasons set forth below, plaintiff's motion for judgment on the pleadings is granted, and the case remanded for a new hearing.

## DISCUSSION

### A. Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is

2

obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

This court is authorized to review the Commissioner's denial of benefits under 42 U.S.C. § 405(g). It must uphold the findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. Id.; Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In its inquiry, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court disagrees with the commissioner's decision, the court must uphold it if it is supported by substantial evidence and was reached through application of the correct legal standard. Id. With these principles in mind, and having benefit of the M&R, the court turns to the arguments at hand.

### B. Objections to the M&R

Plaintiff objects to the magistrate judge's recommendation that the court find the ALJ gave proper weight to the plaintiff's physicians' opinions. Two documents are at issue: a September 1,

3

2004 physical assessment by Dr. Markworth, who treated plaintiff from December 8, 1999 through June 7, 2000 for back pain, and a November 16, 2005 physical assessment by Dr. Jackson, who was plaintiff's treating physician from September 13, 2001 to February 6, 2006. The ALJ accorded them "little weight" as she determined they were "not supported by the evidence of record." (R. 20.) The ALJ found Dr. Markworth's opinion was unsupported by his examination notes from the assessment, which stated plaintiff was in no apparent discomfort, had a normal gait, could walk on his tiptoes and heels, and had a straight back. (Id.) The ALJ also found Dr. Jackson's opinion was unsupported by the evidence, citing examination notes from several different sessions that stated plaintiff was in no apparent distress, a negative straight leg raise finding, and a finding of no lower extremity swelling from an April 6, 2005 examination. (Id.) In contrast, the ALJ accorded the opinions of the DDS medical consultants regarding plaintiff's physical limitations "significant weight" as "generally consistent with the other evidence of record." (Id.)

An ALJ may "assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings." Wireman v. Barnhart, 2006 WL 2565245, *8 (W.D. Va. 2006); see also Craft v. Apfel, 1998 WL 702296, *2 (4th Cir. Oct. 6, 1998) ("An ALJ's determination as to the weight to be assigned a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies or has not given good reason for the weight afforded a particular opinion.") The ALJ has even more leeway in determining the weight to give a medical examiner's opinion that a claimant is disabled or not capable of working. See Koonce v. Apfel, 1999 WL 7864, *2 (4th Cir. 1999) ("A medical expert's opinion as to the ultimate conclusion of disability is not dispositive; opinions as to disability are reserved for the Commissioner.")

4

Nevertheless, "a treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). By negative implication, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); see also Bryant v. Barnhart, 63 Fed. Appx. 90, 95 (4th Cir. 2003) ("While the Secretary is not bound by the opinion of a claimant's treating physician, that opinion is entitled to great weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Therefore, it may be disregarded only if there is persuasive contradictory evidence."). In Burch v. Apfel, the Fourth Circuit set forth the factors, grounded in the regulations, the ALJ must consider in determining the weight of a physician's medical opinion if not according it controlling weight:

   (1) the physician's length of treatment of the claimant,
   (2) the physician's frequency of examination,
   (3) the nature and extent of the treatment relationship,
   (4) the support of the physician's opinion afforded by the medical evidence of record,
   (5) the consistency of the opinion with the record as a whole; and
   (6) the specialization of the treating physician.

9 Fed. Appx. 255, 259 (4th Cir. 2001); 20 C.F.R. § 404.1527(d)(2).

Here, the ALJ did not provide sufficient justification for granting Dr. Jackson's physical assessment "little weight." While an ALJ is not required to explain all that she considers in determining how to weigh the evidence before her, the absence of any reference to several of the factors provided in Burch is concerning, particularly given the history of plaintiff's treatment under

5

Dr. Jackson. For example, at no point in the decision does the ALJ acknowledge that Dr. Jackson had treated plaintiff for over four years at the time of the assessment. Similarly, that plaintiff was seen by Dr. Jackson approximately twenty-five (25) times during that period goes unmentioned. See 20 C.F.R. § 404.1527(d)(2)(I) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion.") Furthermore, the ALJ stated Dr. Jackson's opinion was "not supported by the evidence of record" without acknowledging the supporting objective medical evidence referred to by Dr. Jackson on the physical assessment form, including a positive straight leg raising test, an MRI showing mild to moderate loss of disc height with mild bulging discs, and a discogram that showed multiple annular disc tears. Such explanations should be taken into consideration by the ALJ in determining the weight to accord a medical opinion. See 20 C.F.R. § 404.1527(d)(3) ("The better an explanation a source provides for an opinion, the more weight we will give that opinion.")

It is not the role of this court to re-weigh the evidence that was before the ALJ, and had the ALJ pointed to persuasive contradictory evidence in the record undermining Dr. Jackson's opinion, the court would not remand solely because the ALJ did not acknowledge all of the factors provided in Burch. In this case, however, the import of the medical findings that the ALJ framed as persuasive contradictory evidence is drastically overstated. First, the ALJ refers to examination notes where Dr. Jackson indicated the plaintiff was in "no apparent distress." Such an observation is by no means inconsistent with the physical limitations found by Dr. Jackson during the November 16, 2005 assessment. Indeed, on several of the occasions Dr. Jackson noted plaintiff did not appear to be under distress, he also noted the limitations plaintiff suffers as a result of his back condition. For example, on August 3, 2005, Dr. Jackson examined plaintiff and found him to be in "no apparent

6

distress" while noting "his back continues to give him significant problems." Similarly, on October 17, 2005, Dr. Jackson stated plaintiff was in "no apparent distress" while acknowledging that "the cold weather is causing some problems with his back." Similarly, that Dr. Jackson did not find lower extremity swelling on April 6, 2005, does not contradict his findings on November 16, 2005, particularly given the fact that plaintiff's leg swelling is only described as intermittent, and swelling was apparent during some of the examinations. (See, e.g., R. 197.) While the ALJ points to a negative straight leg raise finding in Dr. Jackson's examination notes, she does not acknowledge the positive straight leg raise finding referred to in Dr. Jackson's physical assessment. (R. 20, 206.)

While Dr. Markworth does not have the extensive treatment relationship with plaintiff that Dr. Jackson has, the ALJ's cursory dismissal of the September 1, 2004, assessment is also troubling. In an evaluation requested by the Social Security Administration, Dr. Markworth, an orthopedic specialist opined that plaintiff could not perform anything that would require bending or twisting, or standing or walking on a prolonged basis. The ALJ discounted this opinion on the grounds that it was not supported by Dr. Markworth's own examination notes, which indicated plaintiff was in no apparent discomfort, could walk on his tiptoes and heels, and had a straight back. The court fails to see how these observations render Dr. Markworth's opinion internally inconsistent.

There are circumstances where it is permissible for an ALJ to grant significant weight to the opinion of a state agency medical consultant while discounting the opinions of treating physicians. See Tilley v. Astrue, 2008 WL 4509359, *11 (S.D. W.Va. Sept. 30, 2008). For example, when the opinions of the treating or examining physicians conflict, a decision that comes down on the side of the non-examining, not-treating physicians should stand. Smith v. Schweiker, 795 F.2d 343, 346 (4th Cir. 1986). That was not the case here, as both Dr. Jackson and Dr. Markworth found plaintiff

7

suffered from significantly more severe physical limitations than the state agency medical consultants. More importantly, Dr. Jackson and Dr. Markworth's medical opinions do not go to matters reserved for the Commissioner's determination under the regulations, and as described above, the ALJ did not provide good reason for according the opinions little significance. The ALJ's rejection of these medical opinions in favor of the opinions of two state agency medical consultants who had never seen or examined plaintiff, without adequate explanation, constitutes reversible error. Thompson v. Astrue, 2008 WL 943169 (D.S.C. April 7, 2008). Accordingly, remand is necessary for evaluation of the medical evidence in accordance with the procedures provided for in 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.927.[1]

The court does not take up plaintiff's objections as to the ALJ's determination regarding the impact of plaintiff's obesity on his RFC, as a new determination of RFC must be made in light of the court's remand for proper consideration of medical opinion evidence. Similarly, the court does not take up defendant's objection to the M&R, as the necessity of a vocational expert will depend on the RFC determination by the ALJ on remand.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings (DE # 14) is GRANTED, defendant's motion for judgment on the pleadings (DE # 20) is DENIED, and the case is REMANDED to the Commissioner for further administrative proceedings consistent with this order. The clerk of court is directed to close this case.

---

[1] While the court remands on these grounds, it takes opportunity to note that the ALJ's credibility determination raises concerns as well. Most significantly, in determining that plaintiff's complaints of back pain are not credible, the ALJ stated, "While the claimant testified that a fusion has been recommended for his back problems, there is no documentation of this on the record." (R. 19.) Contrary to the ALJ's assertion, recommendations of surgical fusion are documented in Dr. Markworth's treatment notes. (See R. 131, 135.)

8

SO ORDERED, this the 31st day of March, 2009.

                              LOUISE W. FLANAGAN
                              Chief United States District Judge